McCARTHY (UNITED STATES v.). See Case No. 15,656.

McCARTNEY (ABBOTT v.). See Case No. 12.

McCARTNEY (BLAKE v.). See Case No. 1,498.

McCARTNEY (MERCHANTS' INS. CO. v.). See Case No. 9,443.

## Case No. 8,683.

### In re McCARTY.

[Nowhere reported; opinion not now accessible.]

## Case No. 8,684.

### In re McCARTY.

[5 Law Rep. 322.]

District Court, S. D. New York. Aug., 1842.

BANKRUPTCY—FALSE INVENTORY—EVIDENCE—PRACTICE.

[In the matter of John Q. McCarty, a bankrupt.]

The case was heard on objections and proofs reported by a commissioner.

A. G. Rogers, for bankrupt.
H. Holden, for creditor.

THE COURT decided, that the only matter involved in the objections that the bankrupt had not made a true inventory of his property was the fact of his actual condition at the time his application was made. That evidence falsifying his allegation, that he casually lost $3,300 in the year 1839, would not be sufficient to disprove the verity of his petition and inventory, without facts or circumstances connecting his possession of the money more directly with the time of his application. Quaere, whether if the creditor examines the bankrupt on oath, to a fact to which he directly testifies, and afterwards discredits his testimony as to particulars bearing upon the fact, he has a right to infer the fact to be contrary to the express assertion of the bankrupt.

---

[2] [From 8 Ins. Law J. 208.]

THE COU.... further decided, that an assertion of a fact made by the bankrupt's wife in his presence, and denied by him, could not be given in evidence to impeach the testimony of the bankrupt.

THE COURT further decided, that a voluntary conveyance of property by an insolvent before the passage of the bankrupt act [of 1841 (5 Stat. 440)] to his mother and son-in-law, under circumstances rendering the conveyance void as to creditors, divested all his personal right and interest therein, so that he could not represent it as owned by him, and need not accordingly set it forth in his inventory.